SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

|  |  |
|---|---|
| Plaintiff, | Index No. 35039-17 |
| -against- | **NOTICE OF MOTION FOR DEFAULT JUDGMENT** |

EONS Properties, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,

Defendants.
-------------------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the annexed Affirmation of Diane E. Selker, Esq.,

dated January 16, 2018, and the Affidavit of Sean Rice of January 16, 2018, and all of the prior

pleadings, procedures and papers heretofore had herein, the defendant shall move this Court at an

IAS Part of the Supreme Court of the State of New York, held in and for the County of

Rockland, at the Courthouse located at 1 South Main St, New City, NY 10956 on the 31st day of

January, 2018 at 9:30 A.M., or as soon thereafter as counsel may be heard, seeking the following

relief:

AN ORDER **1)** granting default judgment in Plaintiff's foreclosure action in favor of the

Plaintiff and against Defendant EONS Properties, LLC for unpaid Homeowner Association

(HOA) assessments, costs, disbursements, and attorney fees; **2)** awarding default judgment in

favor of the Plaintiff and against EONS foreclosing Plaintiff's lien for unpaid assessments, costs

disbursements and attorney fees; **3)** appointing a referee to compute the amount due to the

Plaintiff and to examine and report whether the premises can be sold in parcels and to report the

amount thereafter to become due; **4)** amending the caption of the action to strike "John Doe" and

"Jane Doe" therefrom without prejudice to any of the proceedings heretofore had or to be had herein; and **5)** for such other and further relief as this Court shall deem just and proper, together with the costs of this motion.

**The above entitled action is not for the foreclosure of a mortgage, but to foreclose unpaid assessments owed to a homeowners' association.**

**PLEASE TAKE FURTHER NOTICE** that answering affidavits, if any, must be served and personally received by the undersigned pursuant to CPLR 2214 (b) at least two (2) days prior to the return date of this motion.

Dated: January 16, 2018
      White Plains, NY

                                Diane E. Selker, Esq.
                                Goldenberg & Selker, LLP
                                *Attorneys for the Plaintiff*
                                399 Knollwood Road, Suite 112
                                White Plains, NY 10603
                                (914) 997-0999

To:    EONS Properties, LLC
       12 Pierson Lake Dr.
       Sloatsburg, NY 10974

       EONS Properties, LLC
       c/o Ogen & Sedaghati, P.C.
       202 East 35th Street
       New York, NY 10016

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,
                                          Plaintiff,

-against-

EONS Properties, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,
                                   Defendants.
-------------------------------------------------------------------X

Index No. 35039-17

**AFFIDAVIT IN SUPPORT
OF MOTION FOR DEFAULT
JUDGMENT**

STATE OF NEW YORK   )
                        }ss.:
COUNTY OF ROCKLAND)

       SEAN RICE, being duly sworn, deposes and says:

1. I am the President of plaintiff Pierson Lakes Homeowners Association, Inc. ("Pierson

   Lakes").

2. I submit this affidavit in support of Pierson Lakes' motion for default judgment in its

   favor and against Defendant EONS Properties, LLC ("EONS") for unpaid assessments

   and other fees, and to foreclose Pierson Lakes' lien for the unpaid amounts.

3. I have reviewed the original attached account (see **Exhibit A**) for EONS, which account

   is kept in the regular course of business by Pierson Lakes.  I find the same to be in proper

   form and the amounts recorded therein to be correct, the entries being made in the regular

   course of business of Pierson Lakes and contemporaneously with the transactions

   recorded.

4. The balance owed by EONS to Pierson Lakes as of December 2, 2017 is $33,508.99 not

   including attorney fees and costs for the instant action.

5. A review of EONS's account reveals that the last time it made any payment to Pierson Lakes was almost 10 months ago, on March 8, 2017 (see **Exhibit A**).

6. In the regular course of business Pierson Lakes notified EONS in writing on a monthly basis as to the amounts it owed Pierson Lakes.

7. The monthly maintenance, capital assessments and late fees owed by EONS (and all other unit owners) were duly and timely fixed by the Board of the Pierson Lakes Condominium (See **Exhibit B**, Declaration Article VI, §3).

8. The Declaration requires that EONS, as well as all the other HOA members, pay assessments to Pierson Lakes and if such assessments are not paid when due then the member is liable for the costs of collection, interest, and the reasonable attorney fees incurred by Pierson Lakes in collecting same (See **Exhibit B**, Declaration, Art. VI, §6).

9. After the date of this affidavit, assessments will continue to accrue for EONS at the present monthly rate of $1,755.00, plus a late fee of 1.012% per month on any unpaid balance carried over and unpaid 30 days after billing.

10. Deponent has been advised by its counsel that all parties who are necessary to this action have been served.

11. The Declaration additionally provides that the amounts due Pierson Lakes shall be the personal obligation of the owner of each lot at the time the assessment comes due, and that no residential lot at Pierson Lakes is exempt from the payment of the assessments (See **Exhibit B**, Art. VI, §1).

12. According to the Declaration, if the assessments are not paid when due, Pierson Lakes is authorized to commence and prosecute an action to foreclose its lien against the lot (See **Exhibit B**, Art. VI, §6).

2

13. Additionally, the Declaration also authorizes Pierson Lakes to commence and prosecute an action to recover a personal money judgment against an owner of a lot for the failure to pay the assessments, and such suit maybe maintained without foreclosing or waiving the lien securing the same, and may be prosecuted simultaneously therewith (See **Exhibit B**, Art. VI, §6).

14. Deponent has reviewed the legal description of the property as set forth in the complaint and has determined that the premises consist of a single parcel and should be sold as such.

WHEREFORE, for the reasons stated above and in the attached affirmation of Pierson Lakes' attorney, judgment should be granted in favor of the Plaintiff.

_____
Sean Rice

Sworn to before me this
16th day of January, 2018

_____
Notary Public

MARY ANNE C. RODRIGUEZ
Notary Public, State of New York
No. 01RO6182722
Qualified in Westchester County
Commission Expires 03/03/20

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                            Plaintiff,

              -against-

EONS Properties, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,

                            Defendants.
---------------------------------------------------------------------------X

Index No. 35039-17

**AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Diane E. Selker, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am a partner in the law firm of Goldenberg & Selker, LLP, attorneys for Plaintiff in this matter, and am fully familiar with the facts and circumstances of these proceedings and the matters set forth herein. I am not a party to the action.

2. I submit this affirmation in support of the relief requested by Plaintiff Pierson Lakes Homeowners Association, Inc. ("Pierson Lakes" or "the HOA") in its notice of motion.

3. The instant action was brought for two purposes: first, to obtain a personal money judgment against Defendant EONS Properties, LLC ("EONS") for unpaid assessments and other charges owed to Pierson Lakes (totaling $33,508.99 as of December 2, 2017, not including attorney's fees); and second, to foreclose Pierson Lake's lien against EONS' property at 12 Pierson Lake Dr., Sloatsburg, NY 10974 for such unpaid amounts.

4. The property, an undeveloped lot, which is owned by EONS and which is the subject of foreclosure, is described in "Schedule A" attached to the complaint in this action. (See **Exhibit C.**)

5. Plaintiff HOA is a not-for-profit corporation organized under the laws of the State of New York, with a principal place of business in Sterlington, Town of Ramapo, County of Rockland, State of New York, which is a homeowners' association that controls and manages real property known as "Pierson Lakes."

6. Pierson Lakes is subject to a Declaration of Covenants, Restrictions, Easements, Charges and Liens made by the Ramapo Land Co., Inc., dated April 25, 1990, which was recorded with the Rockland County Clerk on May 11, 1990, in Liber 408, Page 1110, as subsequently amended ("the Declaration") (relevant portions of the Declaration & By-Laws are attached as **Exhibit B**).

7. The amounts presently due to Plaintiff Pierson Lakes by EONS are set forth in the attached account (See **Exhibit A**), and are owed pursuant to the Declaration.

8. The summons, verified complaint, and a notice of pendency in the action were filed with the Rockland County Clerk on October 16, 2017 in the form prescribed by statute and contains, as this affirmant believes, all the particulars required by law to be stated in such documents.  (Annexed as **Exhibit C** is a copy of the summons and complaint with confirmation of their electronic filing.  Annexed as **Exhibit D** is a copy of the Notice of Pendency with confirmation of its electronic filing.)

9. The summons and verified complaint were served on EONS on October 19, 2017 by delivery to the Secretary of State pursuant to LLC Law§303. (Annexed hereto as

2

Exhibit **E** are copies of the affidavit of service and the confirmation receipt for its electronic filing in the Office of the Rockland County Clerk on October 26, 2017.)

10. EONS was also served by delivery on October 27, 2017 of the summons and verified complaint to an authorized agent at Ogen & Sedagheti, P.C., the law office of EONS' principals. (Annexed hereto as **Exhibit F** are copies of the affidavit of service and the confirmation receipt for its electronic filing in the Office of the Rockland County Clerk on December 1, 2017.)

11. EONS, "John Doe," and "Jane Doe" were also served on November 3, 2017 by affixing copies of the summons and complaint to the subject property and mailing copies to the subject property marked "Personal and Confidential. (Annexed hereto as **Exhibit G and Exhibit H,** respectively, are copies of the affidavits of service and the confirmation receipts for their electronic filing in the Office of the Rockland County Clerk on December 1, 2017.)

12. Since the filing of the Notice of Pendency, the complaint has not been amended by adding new parties to the action, or so as to affect other property not described in the notice of pendency, or so as to extend the claims of Pierson Lakes to property beyond the subject premises.

13. In addition to personal service, EONS was served on November 14, 2017 pursuant to CPLR 3215(g) and Business Corporation Law §303 (b) with a copy of the summons and verified complaint by first class mail bearing the legend "personal and confidential" and not indicating on the envelope that the communication was from an attorney or concerned an alleged debt to the subject property, to Ogen & Sedaghati, P.C., and to the

3

Secretary of State.  (A copy of the affidavit of service and confirmation of its electronic filing with the Rockland County Clerk on November 14, 2017 are attached as **Exhibit I.**)

14.  No defendant answered or appeared and their time to do so has expired and has not otherwise been extended.

15.  It is respectfully submitted that Plaintiff's cause of action is established sufficiently to warrant the court, as a matter of law, to grant judgment in favor of the Plaintiff and against EONS.

16.  A copy of this motion has been served upon EONS.

WHEREFORE, for the reasons set forth herein and in the annexed affidavit of Sean Rice and the Exhibits hereto it is respectfully requested that the relief sought in Plaintiff's notice of motion be granted in its entirety.

Dated: January 16, 2018
      White Plains, NY

Diane E. Selker

# Exhibit "B"

FILED: ROCKLAND COUNTY CLERK 01/17/2018 02:19 PM
NYSCEF DOC. NO. 14    Case 7:18-cv-06900-KMK    Document 1-4    Filed 08/03/18    Page 11 of 56

INDEX NO. 035039/2017
RECEIVED NYSCEF: 01/17/2018

29

DECLARATION OF COVENANTS, RESTRICTIONS,
EASEMENTS, CHARGES AND LIENS


DECLARANT — RAMAPO LAND CO., INC.


DATE OF DECLARATION                    , 1989


———————————————————————


Phillips, Lytle, Hitchcock, Blaine & Huber
Attorneys for the Developer
437 Madison Avenue
New York, New York  10022


EXHIBIT A

30

TABLE OF CONTENTS

Page

ARTICLE    I.         DEFINITIONS.............................  2

ARTICLE    II.        PROPERTY SUBJECT TO THIS DECLARATION......  4
   Section  1.        The Properties.............................  4
   Section  2.        Developer's Right to Develop the
                      Properties and Developer's Option
                      to Include Certain Additional Lands.......  4
   Section  3.        Mergers.................................  5
   Section  4.        Reciprocal Cross Easements over
                      Remaining Rockland County Lands...........  5
   Section  5.        Reciprocal Cross Easements
                      Over New Jersey Lands....................  5

ARTICLE    III.       MEMBERSHIP AND VOTING RIGHTS IN THE
                      ASSOCIATION.............................  6

ARTICLE    IV.        PROPERTY RIGHTS IN THE PROPERTIES.........  7
   Section  1.        Members' Easement of Enjoyment...........  7
   Section  2.        Title to Common Areas....................  7
   Section  3.        Extent of Members' Easements.............  8
   Section  4.        Parking Rights...........................  9
   Section  5.        Delegation of Use........................  9
   Section  6.        Pool and Tennis Court Rights.............  9

ARTICLE    V.         DEVELOPMENT OF PIERSON LAKES.............  9
   Section  1.        Pierson Lakes............................  9
   Section  2.        Easements................................  9
   Section  3.        Reservation of Easements.................  10
   Section  4.        Encroachments on Lots....................  11
   Section  5.        Easements to Members of the
                      General Public...........................  11

ARTICLE    VI.        COVENANT FOR MAINTENANCE ASSESSMENT.......  11
   Section  1.        Creation of the Lien and Personal
                      Obligation...............................  11
   Section  2.        Purpose of the Assessment................  11
   Section  3.        Assessments..............................  12
   Section  4.        Due Dates; Duties of the Board of
                      Directors................................  13
   Section  5.        Special Assessments for Capital
                      Improvements.............................  13
   Section  6.        Effect of Non-Payment of Assessments;
                      The Personal Obligation of the Member;
                      The Lien, Remedies of the Association.....  13
   Section  7.        Quorum for Any Actions Authorized Under
                      Section 5................................  14

Case 7:18-cv-06900-KMK   Document 1-4   Filed 08/03/18   Page 13 of 56

42

     **Section 4.**    **Encroachments on Lots.**  In the event that any portion of any roadway, walkway, parking area, driveway, water line, sewer line, utility line, sprinkler system, building or any other structure as originally constructed by the Developer encroaches on any Lot or the Common Areas, it shall be deemed that the Owner of such Lot or the Association has granted a perpetual easement to the Owner of the adjoining Lot or the Association as the case may be for continuing maintenance and use of such encroaching roadway, walkway, driveway, parking area, water line, sewer line, utility line, sprinkler system, building or structure. The foregoing shall also apply to any replacements of any such roadway, walkway, driveway, parking area, water line, sewer line, utility line, sprinkler system, building or structure if same are constructed in substantial conformance to the original installation. The foregoing conditions shall be perpetual in duration and shall not be subject to amendment of these covenants and restrictions.

     **Section 5.**    **Easements to Members of the General Public.**  The Developer hereby grants members of the general public an easement of ingress and egress over the hiking trail traversing the eastern portion of The Properties as shown on the Schedule B site plan and as said trail may be re-routed from time to time by the Developer or the Association. The Developer, at the request of the Town of Ramapo, also grants local school groups, organizations and clubs the right to visit designated historical sites within The Properties on a chaperoned appointment basis.

ARTICLE VI.  COVENANT FOR MAINTENANCE ASSESSMENTS

     **Section 1.**    **Creation of the Lien and Personal Obligation.**  The Developer, for each Lot owned by it within The Properties, hereby covenants and each Owner of any Lot by acceptance of a deed therefore, whether or not it shall be expressed in any such deed or other conveyance, shall be deemed to covenant and agree, to pay to the Association such assessments as are fixed by the Association's Board of Directors and assessed to the Members as hereinafter provided. All sums assessed by the Association but unpaid, together with such interest thereon as is hereinafter provided, shall also be a charge on the land and shall be a continuing lien upon the property owned by such Member against which each such assessment is made. Each such assessment, together with interest thereon and the cost of collection thereof, as hereinafter provided, shall also be a personal obligation of the person who was the Owner of such property at the time when the assessment fell due.

     **Section 2.**    **Purpose of the Assessment.**  The assessment levied by the Association shall be used exclusively for the purpose of promoting the recreation, health, safety and

-11-

welfare of the residents in The Properties as a community and in particular for the improvement and maintenance of properties, services and facilities devoted to this purpose and related to the use and enjoyment of the Common Areas, and of the Lots and Homes situated upon The Properties, including as to the Common Areas without limiting the foregoing, the payment of taxes (if any), insurance thereon and repair, replacement and additions thereto, and the cost of labor, equipment, materials, services, management and supervision thereof.

Section 3. Assessments. The Association's Board of Directors shall, from time to time, but at least annually, fix and determine the budget representing the sum or sums necessary and adequate for the continued operation of the Association and shall send a copy of the budget and any supplement to the budget to each Member prior to assessing the Members thereon. The Board shall determine the total amount required, including the operational items such as insurance, repairs, reserves, maintenance and other operating expenses, as well as charges to cover any deficits from prior years and capital improvements and repairs. The total annual requirements and any supplemental requirements shall be allocated among, assessed to and paid by the Members as follows:

Each Member shall pay a fraction of said requirements for each Lot owned the numerator of which shall be one (1) and the denominator of which shall be equal to the sum of the number of Lots on The Properties subject to this Declaration (initially 74) as amended. The Developer's obligation for such assessments on unsold Lots subject to this Declaration shall be limited to the difference between the actual operating costs of the Association, including reserves on the Common Areas and on Lots to which title has been conveyed, and the assessments levied on Owners who have closed title on their Lots. In supplying services to the Lot Owners, the Developer may direct the Association not to supply maintenance or other services to any Lot to which title remains in the Developer. The Developer's right to so direct the Association not to provide maintenance or other services to a Lot owned by the Developer is expressly conditioned upon the Developer providing such services itself at its sole cost and expense to the extent the Lot requires such services. Express recognition is hereby given to the fact that the Developer may choose to have its construction and other crews render maintenance services for its unsold Lots. In no event, however, shall the Developer be required to make a deficiency contribution in an amount greater than it would otherwise be liable for if it were paying

-12-

INDEX NO. 035039/2017

RECEIVED NYSCEF: 01/17/2018

Case 7:18-cv-06900-KMK   Document 1-4   Filed 08/03/18   Page 15 of 56

44

assessments on unsold Lots. The sum due the Association from each individual Owner shall constitute an assessment of the Board of Directors and unpaid assessments shall constitute liens on the individual Lots, subject to foreclosure as hereinafter provided.

Section 4. Due Dates; Duties of the Board of Directors. All Assessments shall be payable monthly in advance as ordered by The Board of Directors. The Board of Directors of the Association shall fix the date of commencement and the amount of the assessment against each Lot and shall prepare a roster of the Lots and assessments applicable thereto which shall be kept in the office of the Association and shall be open to inspection by any Member. Upon the written request of a Member or his mortgagee, the Board shall promptly furnish such Member or his mortgagee with a written statement of the unpaid charges due from such Member.

Section 5. Special Assessments for Capital Improvements. In addition to the annual assessments authorized by Section 3 of this Article VI, the Association may levy, in any assessment year, a special assessment (which must be fixed at a uniform rate for all Lots) applicable to that year only, in an amount no higher than the maximum annual assessment then permitted to be levied hereunder for the purpose of defraying, in whole or in part, the cost of any construction, unexpected repair or replacement of a described capital improvement upon the Common Areas, including the necessary fixtures and personal property related thereto, provided that any such assessment shall have the assent of two-thirds (2/3) of the votes of the Members who are voting in person or by proxy at a meeting duly called for this purpose, written notice of which shall be sent to all Members not fewer than thirty (30) days nor more than sixty (60) days in advance of the meeting, setting forth the purpose of the meeting, as fixed in the resolution authorizing such assessment.

Section 6. Effect of Non-Payment of Assessments; The Personal Obligation of the Member; The Lien; Remedies of the Association. If an assessment is not paid on the date when due, as fixed by the Board of Directors, then such assessment shall become delinquent and shall, together with such interest thereon and cost of collection thereof as hereinafter provided, thereupon become a continuing lien on the Member's Lot which shall bind such property in the hands of the defaulting Members, his heirs, devisees, personal representatives and assigns. Such lien shall be prior to all other liens except: (a) tax or assessment liens on the Lot by the taxing subdivision of any governmental authority, including but not limited to State, County and School District taxing agencies; and (b) all sums unpaid on any first mortgage of record encumbering the Lot. The personal obligation of the Member who was the Owner of the Lot when the assessment

45

fell due to pay such assessment, however, shall remain his personal obligation for the statutory period and shall not pass to his successors in title unless expressly assumed by them.

If the assessment is not paid within thirty (30) days after the delinquency date, the assessment shall bear interest from the date of delinquency at the maximum permissible rate in the State of New York and the Association may bring an action at law against the Member or former Member personally obligated to pay the same and may foreclose the lien against the property. There shall be added to the amount of such assessment the costs of preparing and filing the complaint in such action, and in the event a judgment is obtained, such judgment shall include interest, on the assessment as above provided and reasonable attorney's fees to be fixed by the court together with the cost of the action.

Section 7.    Quorum for Any Action Authorized Under Section 5.    The quorum required for any action of the Members of the Association authorized by Section 5 of this Article VI shall be as follows:

At the first meeting called, as provided for in Section 5 of this Article VI, the presence at the meeting of Members in person or by proxy entitled to cast fifty-one (51%) percent of all the votes of the Association shall constitute a quorum.  If the required quorum is not forthcoming at any meeting, another meeting may be called, subject to the notice requirement set forth in Section 5 and the required quorum at each subsequent meeting shall be one-half (1/2) of the required quorum at the preceding meeting, provided that such subsequent meeting shall not be held more than sixty (60) days following the preceding meeting.

ARTICLE VII.    ARCHITECTURAL CONTROL

Section 1.    Design Guidelines.  All construction and changes in landscaping, vegetation and topography on any Lot in the Development shall comply with the Pierson Lakes Design Guidelines prepared by the Jack Johnson Company, as said Design Guidelines may be amended from time to time by the Board of Directors of the Association.  Copies of the Design Guidelines, and all amendments thereto, shall be delivered to each Member and shall also be available for examination and copying by the Members and their agents at the offices of the Association.

Section 2.    Architectural Review Committee.  The Board of Directors of the Association shall appoint a five (5) person Architectural Review Committee, at least one of whose members shall be a Director, to administer and enforce the Pierson Lakes Design Guidelines. No building, fence, wall or other structure, or any sewage system, or change in landscaping,

-14-

# Exhibit "A"

**Exhibit "A"**

## Pierson Lakes Homeowners Association, Inc.

### Receivable Accounts

From 01/01/2016 to 12/20/2017

| Debit | Credit | Balance | Date | Trx | Invoice | Ch. # | Description |
|---|---|---|---|---|---|---|---|
| **Account : 26.00 - EONS Properties, LLC - Unit 12PL - 12 Pierson Lake Drive** | | | | | | | 40,407.09 |
| 1,323.92 | | 1,323.92 | 01/01/2016 | | | | Beginning Balance |
| 690.00 | | 2,013.92 | 01/01/2016 | 1801 | 889 | | Common charges - January 2016 |
| 650.00 | | 2,663.92 | 01/01/2016 | 1802 | 914 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 2,673.84 | 01/31/2016 | 1922 | 981 | | Late payment fees |
| 690.00 | | 3,363.84 | 02/01/2016 | 1910 | 952 | | Common charges - February 2016 |
| 650.00 | | 4,013.84 | 02/01/2016 | 1911 | 977 | | sponsor payment deficit Unit 12PL |

# Pierson Lakes Homeowners Association, Inc.

### Receivable Accounts

From 01/01/2016 to 12/20/2017

| Debit | Credit | Balance | Date | Trx | Invoice | Ch. # | Description |
|---|---|---|---|---|---|---|---|
| | 2,689.92 | 1,323.92 | 02/26/2016 | 1998 | 762,826,852, 889,914,981, 952 | | Received ch. 7933169 LB from EONS Properties, LLC. Thank you |
| 9.92 | | 1,333.84 | 02/29/2016 | 2010 | 1046 | | Late Fee |
| 690.00 | | 2,023.84 | 03/01/2016 | 1992 | 1015 | | Common charges - March 2016 |
| 650.00 | | 2,673.84 | 03/01/2016 | 1993 | 1040 | | sponsor payment deficit Unit 12PL |
| | 2,673.84 | 0.00 | 03/10/2016 | 2044 | 952,977,1046 ,1015,1040 | | Received ch. 8028436 LB from EONS Properties, LLC. Thank you |
| 690.00 | | 690.00 | 04/01/2016 | 2065 | 1082 | | Common charges - April 2016 |
| 650.00 | | 1,340.00 | 04/01/2016 | 2066 | 1107 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 0.00 | 04/01/2016 | 2095 | 1082,1107 | | Received ch. 8146879 LB from EONS Properties, LLC. Thank you |
| | 1,340.00 | (1,340.00) | 04/29/2016 | 2195 | 1183,1152,11 77 | | Received ch. 8285617 LB from EONS Properties, LLC. Thank you |
| 690.00 | | (650.00) | 05/01/2016 | 2184 | 1152 | | Common charges - May 2016 |
| 650.00 | | 0.00 | 05/01/2016 | 2185 | 1177 | | sponsor payment deficit Unit 12PL |
| 690.00 | | 690.00 | 06/01/2016 | 2273 | 1222 | | Common charges - June 2016 |
| 650.00 | | 1,340.00 | 06/01/2016 | 2274 | 1247 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 1,349.92 | 06/30/2016 | 2399 | 1327 | | Late Fee |
| 690.00 | | 2,039.92 | 07/01/2016 | 2370 | 1293 | | Common charges - July 2016 |
| 650.00 | | 2,689.92 | 07/01/2016 | 2371 | 1318 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 1,349.92 | 07/01/2016 | 2388 | 1222,1247 | | Received ch. 8618290 LB from EONS Properties, LLC. Thank you |
| 690.00 | | 2,039.92 | 08/01/2016 | 2460 | 1364 | | Common charges - August 2016 |
| 650.00 | | 2,689.92 | 08/01/2016 | 2461 | 1389 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 1,349.92 | 08/01/2016 | 2469 | 1327,1293,13 18 | | Received ch. 8764855 LB from EONS Properties, LLC. Thank you |
| 690.00 | | 2,039.92 | 09/01/2016 | 2553 | 1435 | | Common charges - September 2016 |
| 650.00 | | 2,689.92 | 09/01/2016 | 2554 | 1460 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 1,349.92 | 09/01/2016 | 2557 | 1318,1364,13 89 | | Received ch. 8919032 LB from EONS Properties, LLC. Thank you |
| | 1,340.00 | 9.92 | 09/30/2016 | 2646 | 1389,1435,14 60 | | Received ch. 8075154 LB from EONS Properties, LLC. Thank you |
| 690.00 | | 699.92 | 10/01/2016 | 2638 | 1495 | | Common charges - October 2016 |
| 650.00 | | 1,349.92 | 10/01/2016 | 2639 | 1520 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 1,359.84 | 10/31/2016 | 2756 | 1595 | | Late payment fees |
| 690.00 | | 2,049.84 | 11/01/2016 | 2745 | 1566 | | Common charges - November 2016 |
| 650.00 | | 2,699.84 | 11/01/2016 | 2746 | 1591 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 1,359.84 | 11/01/2016 | 2752 | 1460,1495,15 20 | | Received ch. 8245333 LB from EONS Properties, LLC. Thank you |
| 9.92 | | 1,369.76 | 11/30/2016 | 2845 | 1663 | | 2nd Late Fee |
| 690.00 | | 2,059.76 | 12/01/2016 | 2821 | 1630 | | Common charges - December 2016 |
| 650.00 | | 2,709.76 | 12/01/2016 | 2822 | 1655 | | sponsor payment deficit Unit 12PL |
| | 1,340.00 | 1,389.76 | 12/01/2016 | 2843 | 1520,1595,15 66,1591 | | Received ch. 8391229 LB from EONS Properties, LLC. Thank you |
| 690.00 | | 2,059.76 | 01/01/2017 | 2917 | 1701 | | Common charges - January 2017 |
| 650.00 | | 2,709.76 | 01/01/2017 | 2919 | 1702 | | sponsor payment deficit |
| 9.92 | | 2,719.68 | 01/01/2017 | 2945 | 1728 | | Late payment fees |
| 9.92 | | 2,729.60 | 01/31/2017 | 3041 | 1797 | | Late payment fees |
| 690.00 | | 3,419.60 | 02/01/2017 | 3025 | 1765 | | Common charges - February 2017 |
| 650.00 | | 4,069.60 | 02/01/2017 | 3026 | 1790 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 4,079.52 | 02/28/2017 | 3126 | 1869 | | Late Payment fee |
| 690.00 | | 4,769.52 | 03/01/2017 | 3099 | 1832 | | Common charges - March 2017 |
| 650.00 | | 5,419.52 | 03/01/2017 | 3100 | 1857 | | sponsor payment deficit Unit 12PL |
| | 4,039.89 | 1,379.63 | 03/08/2017 | 3143 | 1591,1663,16 30,1655,1702 ,1728,1701, | | Received ch. 1399 LB from EONS Properties, LLC. Thank you |
| 9.92 | | 1,389.55 | 03/31/2017 | 3219 | 1936 | | Late payment fees |
| 690.00 | | 2,079.55 | 04/01/2017 | 3209 | 1906 | | Common charges - April 2017 |
| 650.00 | | 2,729.55 | 04/01/2017 | 3210 | 1931 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 2,739.47 | 04/30/2017 | 3301 | 2004 | | Late payment fees |
| 690.00 | | 3,429.47 | 05/01/2017 | 3287 | 1973 | | Common charges - May 2017 |
| 650.00 | | 4,079.47 | 05/01/2017 | 3288 | 1974 | | sponsor payment deficit Unit 12PL |
| 9.92 | | 4,089.39 | 05/31/2017 | 3404 | 2073 | | Late payment fees |
| 690.00 | | 4,779.39 | 06/01/2017 | 3383 | 2039 | | Common charges - June 2017 |

## Pierson Lakes Homeowners Association, Inc.

### Receivable Accounts

From 01/01/2016 to 12/20/2017

| Debit | Credit | Balance | Date | Trx | Invoice | Ch. # | Description |
|---|---|---|---|---|---|---|---|
| 650.00 | | 5,429.39 | 06/01/2017 | 3384 | 2040 | | sponsor payment deficit Unit 12PL |
| 690.00 | | 6,119.39 | 07/01/2017 | 3481 | 2108 | | Common charges - July 2017 |
| 850.00 | | 6,769.39 | 07/01/2017 | 3482 | 2109 | | sponsor payment deficit Unit 12PL |
| 17,500.00 | | 24,269.39 | 07/01/2017 | 3509 | 2167 | | Special assessment |
| 415.00 | | 24,684.39 | 07/01/2017 | 3623 | 2279 | | Adjust July 2017 Common Charges per new budget |
| 150.00 | | 24,834.39 | 07/25/2017 | 3575 | 2187 | | Legal Set Up Fee |
| 9.92 | | 24,844.31 | 07/31/2017 | 3612 | 2248 | | Late payment fees |
| 690.00 | | 25,534.31 | 08/01/2017 | 3585 | 2217 | | Common charges - August 2017 |
| 650.00 | | 26,184.31 | 08/01/2017 | 3586 | 2218 | | sponsor payment deficit Unit 12PL |
| 415.00 | | 26,599.31 | 08/01/2017 | 3629 | 2284 | | Adjust August Common Charges per new budget |
| 1,755.00 | | 28,354.31 | 09/01/2017 | 3785 | 2416 | | Common charges - September 2017 |
| 195.00 | | 28,549.31 | 09/18/2017 | 3745 | 2373 | | Legal Charge #13068/9-12-17 |
| 21.06 | | 28,570.37 | 09/18/2017 | 3745 | 2374 | | Legal Charge #13068/9-12-17 |
| 204.17 | | 28,774.54 | 09/18/2017 | 3745 | 2372 | | Legal Charge #13068/9-12-17 |
| 9.92 | | 28,784.46 | 09/30/2017 | 3800 | 2451 | | Late Payment Fees |
| 1,755.00 | | 30,539.46 | 10/01/2017 | 3787 | 2443 | | Common charges - October 2017 |
| 9.92 | | 30,549.38 | 10/31/2017 | 3913 | 2511 | | Late payment fees |
| 1,755.00 | | 32,304.38 | 11/01/2017 | 3896 | 2501 | | Common charges - November 2017 |
| 6,327.87 | | 38,632.25 | 11/27/2017 | 3980 | 2532 | | Legal Fee Charges-multiple invoices |
| 9.92 | | 38,642.17 | 11/30/2017 | 3998 | 2571 | | Late payment fees |
| 1,755.00 | | 40,397.17 | 12/01/2017 | 3990 | 2564 | | Common charges - December 2017 |
| 9.92 | | 40,407.09 | 12/02/2017 | 3995 | 2568 | | Late payment fees |
| 60,530.74 | 20,123.65 | 40,407.09 | | | | | |

less legal fees (6,898.10)

$33,508.99

# EXHIBIT "I"

EXHIBIT "I"



# NYSCEF - Rockland County Supreme Court
# Confirmation Notice



This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**035039/2017**

**Assigned Judge: None Recorded**

## Documents Received on 11/14/2017 03:10 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name: **IRA S GOLDENBERG**
Phone #: **914-997-0999**     E-mail Address: **igoldenberg@goldenbergselkerlaw.com**
Fax #:      Work Address: **399 Knollwood Road**
**Suite 112**
**White Plains, NY 10603**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 11/14/2017 03:10 PM :

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

---

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us
Phone: 845-638-5094      Fax: 845-638-5073      Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033      Fax: (212) 401-9146      Website: www.nycourts.gov/efile**

FILED: ROCKLAND COUNTY CLERK 01/17/2018 02:19 PM
NYSCEF DOC. NO. 21    Case 7:18-cv-06900-KMK    Document 1-4    Filed 08/03/18    Page 23 of 56

INDEX NO. 035039/2017
RECEIVED NYSCEF: 01/17/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                                        Plaintiff,                    Index No. 035039/2017
                                                                      Filed: October 16, 2017

                    -against-                                         **AFFIDAVIT OF SERVICE**
                                                                      **CPLR 3215(g)(3)**
EONS PROPERTIES, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who               *Address of Property*:
are possible tenants or occupants of the premises or who may          **12 Pierson Lake Dr.**
be other presently unknown parties who claim or may claim             **Sloatsburg, NY 10974**
a lien against the premises,

                                        Defendants.
--------------------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) S.S.:
COUNTY OF WESTCHESTER      )

        I, MARY RODRIGUEZ being duly sworn says: I am not a party to the action and I am
over 18 years of age and reside in Yorktown, New York.
        On November 14, 2017, I served a true copy of the annexed **SUMMONS & VERIFIED
COMPLAINT and NOTICE OF PENDENCY** in the above captioned action upon following:

EONS Properties, LLC          EONS Properties, LLC          EONS Properties, LLC
12 Pierson Lake Drive         c/o Ogen & Sedaghati, P.C.    c/o New York Dept. of State
Sloatsburg, NY 10974          202 East 35th Street          One Commerce Plaza
                              New York, NY 10016            99 Washington Avenue
                                                            Albany, NY 12231

by depositing the same in an envelope bearing the legend "personal and confidential" and not
indicating on the outside of the envelope that the communication is from an attorney or concerns
an alleged debt by first class mail in a post-office or official depository of the U.S. Postal Service
within the State of New York. The address and delivery service are indicated above.

                                                            _____
                                                            Mary Rodriguez

Sworn to before me, this
14th day of November, 2017

_____
Notary Public

DENISE E. LUCAS
Notary Public, State of New York
Registration No. 01LU6343948
Qualified in Westchester County
Commission Expires 06/20/20()

# Exhibit "H"

Exhibit "H"




# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your
electronically filed documents for the following case.

**035039/2017**

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

## Documents Received on   12/01/2017 09:39 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **IRA S GOLDENBERG**

Phone #:   **914-997-0999**

Fax #:

E-mail Address:   **igoldenberg@goldenbergselkerlaw.com**

Work Address:   **399 Knollwood Road**
**Suite 112**
**White Plains, NY 10603**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on
12/01/2017 09:39 AM:

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

---

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us
Phone: 845-638-5094    Fax: 845-638-5073    Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

 

# NYSCEF - Rockland County Supreme Court
## Confirmation Notice

035039/2017

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us

Phone: 845-638-5094    Fax: 845-638-5073    Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

STATE OF NEW YORK
COUNTY OF ROCKLAND        SUPREME    COURT

*Index No.* 2017-035039

PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

Date filed: 10-16-17

Plaintiff(s) XXXXXXXXXXXX

*against*    EONS PROPERTIES, LLC, "JOHN DOE" and "JANE DOE,"
et al,

*AFFIDAVIT OF SERVICE*

Defendant(s) XXXXXXXXXXXX

STATE OF NEW YORK, COUNTY OF: __WESTCHESTER__ ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and **resides in the State of New York.**

On __Nov. 3, 2017__ at __7:55 A.M.__, at __12 Pierson Lake Drive, Sloatsburg, NY 10974__
deponent served the within
☐ summons    ☐ with notice
☒ summons and complaint  verified    ☐ notice of petition and petition
☐ subpoena duces tecum   ☐ subpoena
☐ citation

☒ WITH ANNEXED NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING & NOTICE OF PENDENCY

on   "JOHN DOE" and "JANE DOE"

☒ defendant  ☐ witness  } hereinafter called } therein
☐ respondent             } the recipient     } named

**INDIVIDUAL** ☐ by delivering a true copy *of each* to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION** ☐ a _____ corporation, by delivering thereat a true copy *of each* to _____ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON** ☐ by delivering thereat a true copy *of each* to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC.** ☒ by affixing a true copy *of each* to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☒ subject property within the state. Deponent was unable, with due diligence, to find recipient or a person of suitable age and discretion, thereat, having called there

10/21/17 at 11:15 A.M.    11/3/17 at 7:55 A.M.
10/27/17 at 8:00 P.M.
11/1/17 at 2:40 P.M.

**MAILING** ☒ On __Nov. 6, 2017__ deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's ☐ actual place of business ☐ dwelling place ☒ subject property and deposited envelope in an official depository under exclusive care and custody of the U.S. Postal Service. The envelope bore the legend "Personal and Confidential"

**DESCRIPTION** ☐
☐ Male ☐ White Skin ☐ Black Hair ☐ White Hair ☐ 14-20 Yrs. ☐ Under 5' ☐ Under 100 Lbs.
☐ Female ☐ Black Skin ☐ Brown Hair ☐ Balding ☐ 21-35 Yrs. ☐ 5'0"-5'3" ☐ 100-130 Lbs.
☐ Yellow Skin ☐ Blonde Hair ☐ Mustache ☐ 36-50 Yrs. ☐ 5'4"-5'8" ☐ 131-160 Lbs.
☐ Brown Skin ☐ Gray Hair ☐ Beard ☐ 51-65 Yrs. ☐ 5'9"-6'0" ☐ 161-200 Lbs.
☐ Red Skin ☐ Red Hair ☐ Glasses ☐ Over 65 Yrs. ☐ Over 6' ☐ Over 200 Lbs.
Other identifying features:

**WITNESS FEES** $ _____ was paid (tendered) to the recipient ☒ Index Number/Date of filing endorsed thereon.

**MILITARY SERVICE** Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on __11/6/2017__

LOUIS ROSTEN
Notary Public, State of New York
No. 4834354
Qualified in Putnam County
Commission Expires 5/31/18

Clemens W. Pantaleo
Process Server
Clemens W. Pantaleo

# EXHIBIT "G"




# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

**035039/2017**

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

## Documents Received on   12/01/2017 09:39 AM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:      **IRA S GOLDENBERG**
Phone #:   **914-997-0999**          E-mail Address:    **igoldenberg@goldenbergselkerlaw.com**
Fax #:                               Work Address:      **399 Knollwood Road**
                                                        **Suite 112**
                                                        **White Plains, NY 10603**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 12/01/2017 09:39 AM :

GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us
Phone: 845-638-5094    Fax: 845-638-5073    Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

# NYSCEF - Rockland County Supreme Court
## Confirmation Notice



### 035039/2017

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

**NOTE: If submitting a working copy of this filing to the court, you must include
as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us
Phone: 845-638-5094     Fax: 845-638-5073     Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

STATE OF NEW YORK
COUNTY OF ROCKLAND          SUPREME     COURT                                    Index No. 2017-035039

PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,                                      Date filed: 10-16-17

                                                           Plaintiff(s) XXXXXXXXXX

    EONS PROPERTIES, LLC, "JOHN       against   DOE" and "JANE DOE,"             AFFIDAVIT
    et al,                                                                       OF
                                                           Defendant(s) XXXXXXXXXX   SERVICE

STATE OF NEW YORK, COUNTY OF: __WESTCHESTER__          ss.:
The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and **resides in the State of New York.**

On ___Nov. 3, 2017___ at _7:55_ A.M., at _12 Pierson Lake Drive, Sloatsburg, NY 10974_
deponent served the within          verified
☒ summons and complaint    ☐ summons      ☐ with notice
                           ☐ notice of petition and petition   ☒ WITH ANNEXED NOTICE OF COMMENCEMENT OF
☐ subpoena duces tecum     ☐ subpoena                             ACTION SUBJECT TO MANDATORY ELECTRONIC
☐ citation                                                        FILING & NOTICE OF PENDENCY

on     EONS PROPERTIES, LLC
                                          ☒ defendant   ☐ witness   { hereinafter called   { therein
                                          ☐ respondent             { the recipient        { named

INDIVIDUAL ☐    by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as
                said recipient therein.

CORPORATION ☐   a ---------------- corporation, by delivering thereat a true copy of each to _____
                personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said
                individual to be _____ thereof.

SUITABLE
AGE PERSON ☐    by delivering thereat a true copy of each to _____ a person of suitable age and
                discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

AFFIXING TO
DOOR, ETC.      by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place
☒               ☒subject property within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age
                and discretion, thereat, having called there
                     10/21/17 at 11:15 A.M.        11/3/17 at 7:55 A.M.
                     10/27/17 at 8:00 P.M.
                     11/1/17 at 2:40 P.M.

           On _Nov. 6, 2017_   deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's
MAILING         ☐ actual place of business ☐ dwelling place ☒subject property and deposited envelope in an official depository
☒X              under exclusive care and custody of the U.S. Postal Service. The envelope bore the legend "Personal and Confidential"

DESCRIPTION   ☐ Male     ☐ White Skin    ☐ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'     ☐ Under 100 Lbs.
☐             ☐ Female   ☐ Black Skin    ☐ Brown Hair   ☐ Balding      ☐ 21-35 Yrs.   ☐ 5'0"-5'3"    ☐ 100-130 Lbs.
                         ☐ Yellow Skin   ☐ Blonde Hair  ☐ Mustache     ☐ 36-50 Yrs.   ☐ 5'4"-5'8"    ☐ 131-160 Lbs.
                         ☐ Brown Skin    ☐ Gray Hair    ☐ Beard        ☐ 51-65 Yrs.   ☐ 5'9"-6'0"    ☐ 161-200 Lbs.
                         ☐ Red Skin      ☐ Red Hair     ☐ Glasses      ☐ Over 65 Yrs. ☐ Over 6'      ☐ Over 200 Lbs.
              Other identifying features:

WITNESS
FEES          $                   was paid (tendered) to the recipient   ☒ Index Number/Date of filing
☐                                                                          endorsed thereon.

MILITARY
SERVICE       Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term
              is defined in either the State or in the Federal statutes.

Sworn to before me on ___11/6/2017___

                          LOUIS ROSTEN                                    Clemens W. Pantaleo
                          Notary Public, State of New York                Process Server
                          No. 4834354                                     Clemens W. Pantaleo
                          Qualified in Putnam County
                          Commission Expires___5/3/19___

# Exhibit "F"

EXHIBIT F




# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

**035039/2017**

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

## Documents Received on   12/01/2017 09:39 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **IRA S GOLDENBERG**

Phone #:   **914-997-0999**

Fax #:

E-mail Address:   **igoldenberg@goldenbergselkerlaw.com**

Work Address:   **399 Knollwood Road**
**Suite 112**
**White Plains, NY 10603**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 12/01/2017 09:39 AM:

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us

Phone: 845-638-5094     Fax: 845-638-5073     Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

Page 1 of 2



# NYSCEF – Rockland County Supreme Court
## Confirmation Notice



### 035039/2017

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**Assigned Judge: None Recorded**

**NOTE: If submitting a working copy of this filing to the court, you must include
as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us

Phone: 845-638-5094     Fax: 845-638-5073     Website: http://www.rocklandcountyclerk.com

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone:** (646) 386-3033     **Fax:** (212) 401-9146     **Website:** www.nycourts.gov/efile

STATE OF NEW YORK
COUNTY OF ROCKLAND        SUPREME   COURT

PIERSON LAKES HOMEOWNERS ASSOCIATION,INC.,

Index No. 2017-035039
Date filed: 10-16-17

Plaintiff(s) XXXXXXXXXXX

EONS PROPERTIES,LLC,"JOHN   against   DOE" and "JANE DOE,"
et al,

Defendant(s) XXXXXXXXXXXX

**AFFIDAVIT
OF
SERVICE**

STATE OF NEW YORK, COUNTY OF: **WESTCHESTER**            ss.:
The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and **resides in the State of New York.**
On ____ Oct. 27, 2017 ____ at 1:00 P. M., at 202 East 35th St.,1st Floor,New York, NY 10016
deponent served the within ___verified___
☐ summons       ☐ with notice
☒ summons and complaint    ☐ notice of petition and petition
☐ subpeona duces tecum     ☐ subpoena
☐ citation

☒ WITH ANNEXED NOTICE OF COMMENCEMENT OF
ACTION SUBJECT TO MANDATORY ELECTRONIC
FILING & NOTICE OF PENDENCY

on   EONS PROPERTIES,LLC c/o OGEN
& SEDAGHATI, P.C.

☒ defendant   ☐ witness   } hereinafter called } therein
☐ respondent              the recipient      named

**INDIVIDUAL**
☐
by delivering a true copy *of each* to said recipient personally; deponent knew the person so served to be the person described as
said recipient therein.

**CORPORATION**
☒
a _____ corporation, by delivering thereat a true copy *of each* to ___Aniva Manguao___
personally. deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said
individual to be __authorized agent in the Law Office__ thereof.
of Ogen & Sedaghati, P.C.

**SUITABLE
AGE PERSON**
☐
by delivering thereat a true copy *of each* to _____ a person of suitable age and
discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO
DOOR, ETC.**
☐
by affixing a true copy *of each* to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place
☐subject propertywithin the state. Deponent was unable, with due diligence to find recipient or a person of suitable age
and discretion, thereat, having called there

**MAILING**
☐
On _____ deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient  at recipient's
☐ actual place of business ☐ dwelling place ☐subject propertyand deposited   envelope in an official depository
under exclusive care and custody of the U.S. Postal Service.The envelope bore the legend "Personal and Confidential"

**DESCRIPTION**
☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ■ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ■ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ■ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ■ 5'4"-5'8" | ■ 131-160 Lbs. |
| | ■ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**WITNESS
FEES**   $ _____   was paid (tendered) to the recipient  ☒ Index Number/Date of filing
endorsed thereon.

**MILITARY
SERVICE**   Upon information and belief I aver that the recipient is not  in military service of New York State or of the United States as that term.
is defined in either the State or in the Federal statutes.

Sworn to before me on ___11/6/2017___

*Clemens W. Pantaleo*

CLEMENS W. PANTALEO
Notary Public, State of New York
No. 60-4929179
Qualified in Westchester County
Commission Expires May 2, 2018

Process Server
Patrick J. Ruto

Case 7:18-cv-06900-KMK   Document 1-4   Filed 08/03/18   Page 36 of 56

# Exhibit "E"




# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**PIERSON LAKES HOMEOWNERS ASSOCIATION INC - v. - EONS PROPERTIES LLC**

**035039/2017**

**Assigned Judge: None Recorded**

## Documents Received on   10/26/2017 09:40 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:     **IRA S GOLDENBERG**
Phone #:  **914-997-0999**
Fax #:

E-mail Address:   **igoldenberg@goldenbergselkerlaw.com**
Work Address:     **399 Knollwood Road**
                  **Suite 112**
                  **White Plains, NY 10603**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 10/26/2017 09:40 AM :

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

AFFIDAVIT OF SERVICE THROUGH
THE SECRETARY OF STATE, NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
_____X

PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                                                Plaintiff,

-against-                                                          Index #: 2017-035039
                                                                        Filed: 10/16/17

EONS PROPERTIES, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,
                                                Defendants.

_____X

STATE OF NEW YORK]
COUNTY OF ALBANY        ] ss.:

        Kristie DeLong, being duly sworn, deposes and says that she is over eighteen years of age; that on
10/19/2017, at the Department of State in the City of Albany, New York, she served the annexed Summons and
Complaint and Notice of Pendency with Notice of Commencement of Action Subject to Mandatory Electronic Filing
upon **EONS PROPERTIES, LLC** by delivering to and leaving with Nancy Dougherty, a Data Entry Machine
Operator, in the Office of the New York Department of State two (2) copies thereof and that at the time of making
such service, deponent paid Secretary of State a fee of $40.00.  That said service was made pursuant to Section
303 of the Limited Liability Company Law.

        Deponent further says that she knew the person so served as aforesaid to be a Data Entry Machine
Operator at the New York State Department of State, duly authorized to accept such service on behalf of said
defendant.

Deponent further states that she describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Approx Age | Approx Height | Approx Weight |
|---|---|---|---|---|---|
| Female | White | Brown | 60yrs. | 5'4" | 130lbs. |

                                                _____
                                                        Kristie DeLong

Sworn to before me this

20th day of October, 2017

_____
Notary Public

        GERTRUDE B. WINTER
    Notary Public, State of New York
            No. 01WI5050407
        Qualified in Saratoga County
    Commission Expires October 10, 2021

State of New York - Department of State
Receipt for Service

Receipt #:  201710190394                    Cash #: 201710190240
Date of Service:  10/19/2017                Fee Paid: $40 - DRAWDOWN
Service Company:  39 BLUMBERG/EXCELSIOR CORPORATE SERVICES -

Service was directed to be made pursuant to:  SECTION 303 OF THE LIMITED
    LIABILITY COMPANY LAW

Party Served:  EONS PROPERTIES, LLC


Plaintiff/Petitioner:
          PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.



Service of Process Address:
EONS PROPERTIES, LLC
2ND FLOOR
11 HANOVER SQUARE
NEW YORK,  NY 10005

                                        Secretary of State
                                        By  NANCY DOUGHERTY

# Exhibit "D"

Exhibit "D"

 

# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**PIERSON LAKES HOMEOWNERS ASSOCIATION, INC. - v. - EONS PROPERTIES, LLC et al**

**Index Number NOT assigned**

**Assigned Judge: None Recorded**

## Documents Received on    10/16/2017 02:54 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | NOTICE OF PENDENCY | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | | | |
|---|---|---|---|
| Name: | **IRA S GOLDENBERG** | | |
| Phone #: | **914-997-0999** | E-mail Address: | **igoldenberg@goldenbergselkerlaw.com** |
| Fax #: | | Work Address: | **399 Knollwood Road**<br>**Suite 112**<br>**White Plains, NY 10603** |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 10/16/2017 02:54 PM:

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Paul Piperato, Rockland County Clerk - Piperatp@co.rockland.ny.us
Phone: 845-638-5094    Fax: 845-638-5073    Website: http://www.rocklandcountyclerk.com

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                                                  Plaintiff,

                -against-

EONS Properties, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,

                                  Defendants.
------------------------------------------------------------------------X

Index No. 2017- 035039
Filed: 10/16/17

**NOTICE OF
PENDENCY**

       **NOTICE IS HEREBY GIVEN**, that an action has been commenced and is now pending

in this Court upon the complaint of the above named Plaintiff, Pierson Lakes Homeowners

Association, Inc., in which the judgment demanded in the pleadings by Plaintiff against Defendant

EONS Properties, LLC would affect the title to and the possession, use and enjoyment of real

property referred to below by a demand for foreclosure of the Plaintiff's lien for unpaid

Assessments and other charges, and the sale of such real property for the benefit of Plaintiff.

       **PLEASE TAKE FURTHER NOTICE**, that the real property affected by said action at

the commencement of this action, and at the time of filing of this notice is situated in the State of

New York, County of Rockland, Town of Ramapo, and consists of: a parcel which is described on

the tax maps of the Town of Ramapo as Section 46.7, Block 1, Lot 7; the parcel is also known as

12 Pierson Lake Dr., Sloatsburg, New York 10974; the parcel is further described in the attached

Schedule A.

       **PLEASE TAKE FURTHER NOTICE**, that at present legal title to the real property

affected by this Notice of Pendency is with the Defendant EONS Properties, LLC, which title was

acquired by deed dated December 16, 2014 from Michael Pecoraro, and recorded December 16,

2014 in Instrument No. 2015-00000120.

**PLEASE TAKE FURTHER NOTICE,** that this Notice of Pendency has been filed by

the Plaintiff herein.

Dated: October 17, 2017
       White Plains, NY

Diane E. Selker, Esq.
GOLDENBERG & SELKER, LLP
*Attorneys for Plaintiff HOA*
399 Knollwood Road, Suite 112
White Plains, NY 10603
(914) 997-0999

INDEX NO. 035039/2017
Case 7:18-cv-06900-KMK   Document 1-4   Filed 08/03/18   Page 44 of 56
RECEIVED NYSCEF: 01/17/2018

**TO THE CLERK OF THE COUNTY OF ROCKLAND:**

You are hereby directed to index the foregoing Notice of Pendency of Action against the following named Defendant: EONS Properties, LLC.

Dated: October 17, 2017
     White Plains, NY

                                        Diane E. Selker, Esq.
                                        GOLDENBERG & SELKER, LLP
                                        *Attorneys for Plaintiff HOA*
                                        399 Knollwood Road, Suite 112
                                        White Plains, NY 10603
                                        (914) 997-0999

**RECORD AND RETURN TO:**

Diane E. Selker, Esq.
GOLDENBERG & SELKER, LLP
399 Knollwood Road, Suite 112
White Plains, NY 10603

## NATIONAL REAL ESTATE SERVICES, INC.

### Title Number: 5999

### S C H E D U L E  A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Ramapo, in the County of Rockland, State of NY and shown and designated as Lot 46.07-1-7 on a map entitled "Subdivision Plat-Lot Line Change Pierson Lakes Phase No. 3" made by A.R. Sparaco, Jr., PLS dated January 30, 2002 and filed in the Office of the Rockland County Clerk on June 5, 2003, as Map No. 7585, and which said parcel is more particularly bounded and described as follows:

BEGINNING at a point marked by an iron pin distant 1,980.24 feet Westerly as measured on a course of South 57 27' 26" west from the Southwesterly terminus of Sterlington Road as shown on a map entitled, "Subdivision Plat Pierson Lakes Phase I Drawing H-3" which was filed in the Office of Rockland County Clerk as Map No. 6460; and

RUNNING THENCE North 31 degrees 05' 00" West 48.67 feet to an iron pin set;

THENCE North 52 degrees 44' 15" East 543.09 feet to an iron pin set in the Westerly side of Cranberry Lake;

THENCE along the Westerly side of Cranberry Lake the following courses and distances:

South 29 degrees 78' 00" East 28.04 feet;
South 4 degrees 58' 30" East 24.39 feet
South 16 degrees 29' 00" East 82.76 feet;
South 25 degrees 33' 00" East 50.45 feet;
South 58 degrees 07' 00" East 53.65 feet;
South 48 degrees 37' 00" East 790.26 feet;
South 41 degrees 58' 00" East 144.76 feet to an iron pin;

THENCE turning away from Cranberry Lake South 44 degrees 25' 00" West 500.63 feet to a point marked by an iron pin;

THENCE North 45 degrees 35' 00" West 289.37 feet;

## NATIONAL REAL ESTATE SERVICES, INC.

### Title Number: 5999

### S C H E D U L E  A  (continued)

THENCE on a curve bearing to the right having a radius of 576 feet, an arc distance of 145.77 feet;

THENCE North 31 degrees 05' 00" West 31.01 feet to an iron pin which said pin is the point or place of BEGINNING.

TOGETHER with an easement of ingress and egress and for utilities over the private rights of way shown on the aforementioned map to the nearest public highway.

TOGETHER with the benefits of and subject to the burdens set forth in a declaration of covenants, restrictions, easements, charges and liens made by Ramapo Land Co., Inc. dated April 25, 1990 and recorded in the Rockland County Clerk's office on May 11, 1990 in Liber 408 at Page 1110.

FOR
CONVEYANCING
ONLY

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party in the first part, or, in and to the land lying in the street in front of and adjoining said premises.

# Exhibit "C"




# NYSCEF - Rockland County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**PIERSON LAKES HOMEOWNERS ASSOCIATION, INC. - v. - EONS PROPERTIES, LLC et al**

**Index Number NOT assigned**

**Assigned Judge: None Recorded**

## Documents Received on  10/16/2017 02:54 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | NOTICE OF PENDENCY | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | | | |
|---|---|---|---|
| Name: | IRA S GOLDENBERG | | |
| Phone #: | 914-997-0999 | E-mail Address: | igoldenberg@goldenbergselkerlaw.com |
| Fax #: | | Work Address: | 399 Knollwood Road |
| | | | Suite 112 |
| | | | White Plains, NY 10603 |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 10/16/2017 02:54 PM :

**GOLDENBERG, IRA S - igoldenberg@goldenbergselkerlaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                              Plaintiff,

            -against-

EONS PROPERTIES, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,

                              Defendants.
-------------------------------------------------------------------------X

**SUMMONS**
Index No. 2017-
Filed:

*Address of Property*:
**12 Pierson Lake Dr.
Sloatsburg, NY 10974**

**TO THE ABOVE-NAMED DEFENDANTS:**

      YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and
to serve a copy of your Verified Answer on the Plaintiff's attorneys within 20 days after service
of the summons (or within 30 days after service is complete if the summons is not personally
delivered to you within the State of New York), and, in case of your failure to appear or answer,
Judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates Rockland County as the place of trial.  The County in which the real
property is located that is the subject of the foreclosure is the basis for venue.

      **This action seeks the collection of unpaid assessments and other charges and fees
owed to a homeowners' association.**

Dated: October 16, 2017
       White Plains, NY

                               Diane E. Selker, Esq.
                               Goldenberg & Selker, LLP
                               *Attorneys for Plaintiff*
                               399 Knollwood Road, Suite 112
                               White Plains, New York 10603
                               (914) 997-0999

**This advice pertains to your dealings with me as a debt collector.  It does not affect your
dealings with the court, and in particular it does not change the time at which you must
answer the complaint or other legal pleadings.  The summons is a command from the
court, not from me, and you must follow its instructions even if you dispute the validity or
amount of the debt.  The advice in this notice also does not affect my relationship with the
court.  As a lawyer, I may file papers in the suit according to the court's rules and the
judge's instructions.**

To:    EONS Properties, LLC
12 Pierson Lake Dr.
Sloatsburg, NY 10974

EONS Properties, LLC
c/o Ogen & Sedaghati, P.C.
202 East 35th Street
New York, NY 10016

EONS Properties, LLC
c/o New York Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------------X
PIERSON LAKES HOMEOWNERS ASSOCIATION, INC.,

                         Plaintiff,

           -against-

EONS Properties, LLC; "JOHN DOE" and
"JANE DOE," which names refer to fictitious parties who
are possible tenants or occupants of the premises or who may
be other presently unknown parties who claim or may claim
a lien against the premises,

                         Defendants
--------------------------------------------------------------------------X

Index No. 2017-
Filed:

**VERIFIED
COMPLAINT**

        Plaintiff, PIERSON LAKES HOMEOWNERS ASSOCIATION, INC., ("HOA" or
"Plaintiff" or "Pierson Lakes") by its attorneys, Goldenberg & Selker, LLP, as and for its
complaint against the above-referenced defendants, alleges as follows:

1. Plaintiff HOA is a not-for-profit corporation organized under the laws of the State of
   New York, with a principal place of business in Sterlington, Town of Ramapo,
   County of Rockland, State of New York, which is a homeowners' association that
   controls and manages real property known as "Pierson Lakes."

2. Upon information and belief, defendant EONS Properties, LLC ("EONS"), a New
   York Limited Liability Company, is the owner in fee of improved residential real
   property located at Pierson Lakes ("the Lot") which real property is also described as
   Section 46.7, Block 1, Lot 7 on the Tax maps of the Town of Ramapo, County of
   Rockland, State of New York which real property has a post office mailing address of
   12 Pierson Lakes Drive, Sloatsburg, NY 10974 as further described in the attached
   "Schedule A."

3. Upon information and belief, EONS acquired fee simple absolute title to the Lot
   pursuant to a deed dated May 25, 2006, from Michael Pecoraro, which deed was
   recorded with the Rockland County Clerk on July 3, 2006, as Instrument ID Number
   2015-00000120, and EONS continues to own the Lot.

4. Ownership of the Lot, and all other residential lots at Pierson Lakes, are subject to a
   Declaration of Covenants, Restrictions, Easements, Charges and Liens made by the
   Ramapo Land Co., Inc., dated April 25, 1990, which was recorded with the Rockland
   County Clerk on May 11, 1990, in Liber 408, Page 1110, as subsequently amended
   ("the Declaration").

5. The owner of each Lot at Pierson Lakes covenants and agrees to pay to the HOA
   maintenance assessments and other charges (collectively referred to herein as
   "Assessments") and, if such Assessments are not paid when due, then they shall bear

Case 7:18-cv-06900-KMK   Document 1-4   Filed 08/03/18   Page 52 of 56

interest at the maximum New York statutory rate together with the costs of collection and the reasonable attorney fees incurred by the HOA in collecting same.

6. The Assessments are the personal obligation of the owner of each Lot.

7. No Lot is exempt from the payment of the Assessments.

8. The HOA is authorized to commence and prosecute an action to recover a personal money judgment against an owner of a Lot for the failure to pay the Assessments and such suit may be maintained without foreclosing or waiving the lien securing the same.

## FIRST CAUSE OF ACTION

9. EONS was invoiced for Assessments and other amounts owed to the HOA in connection with the Lot.

10. EONS failed and continues to fail and refuse to pay its Assessments to the HOA.

11. Since March 8, 2017, EONS has made no payments to the HOA. As of October 1, 2017, EONS owes the HOA $30,539.46 in Assessments, which amount continues to increase at the present rate of $1,755.00 per month, late fees of $9.92 each month payment is not received by the end of the month, plus additional fees, and attorney fees.

12. EONS is delinquent in its obligations pursuant to the Declaration and owes the HOA Assessments, interest, costs, disbursements, and the HOA's reasonable attorney fees.

13. The HOA is entitled to a personal money judgment in its favor and against EONS for unpaid Assessments and interest at the maximum New York statutory rate, together with the HOA's reasonable attorney fees, costs, and disbursements.

## SECOND CAUSE OF ACTION

14. The allegations set forth above are repeated and incorporated by reference.

15. Pursuant to the Declaration, if an Assessment is not paid when due, then such Assessment becomes delinquent and, together with such interest thereon and cost of collection thereof, becomes a continuing lien on the Lot, and the HOA may bring an action at law to foreclose the lien against the property.

16. The HOA's lien has not been paid, cancelled or discharged of record, and there are no other proceedings in law or in equity to recover the amounts claimed herein.

17. Plaintiff is entitled to a judgment of foreclosure of its lien and, upon the foreclosure sale of the Unit, the proceeds of such foreclosure sale.

WHEREFORE, Plaintiff, PIERSON LAKES HOMEOWNERS ASSOCIATION, INC., prays for judgment granting the following relief:

a)      As to the First cause of action, a personal money judgment in favor of the Plaintiff and against EONS in the amount of $30,539.46, for unpaid Assessments through October 1, 2017, together with additional charges and fees as they continue to accrue and remain unpaid, and interest at the maximum statutory rate, together with costs, disbursements and reasonable attorney fees;

b)      As to the Second cause of action, that the Court adjust and determine the equities of all parties to this action and determine the respective priorities of the various liens, if any, and the interests of all the parties herein; that it adjudge that the Plaintiff has a valid lien upon the Unit in an amount as set forth in the complaint, with interest at the statutory rate, costs, disbursements, and reasonable attorney fees, plus accrued Assessments; that all other parties claiming under the Plaintiff and/or under the defendant EONS Properties, LLC be forever foreclosed of all right and equity of redemption or other interest in the Unit; that the Unit be sold as provided by law, and the proceeds of such sale be brought into Court and thence paid to the Plaintiff in the amounts due it including interest at the statutory rate, the costs and disbursements of the action, and reasonable attorney fees; that either or any of the parties to this action may become a purchaser upon such sale; that this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual power and duties; and, that defendant EONS Properties, LLC be adjudged to pay any deficiencies that may remain after applying all such moneys so applicable thereto; and,

d)      That the Plaintiff have such other and further relief as this Court deems just and proper.

Dated: October 11, 2017
       White Plains, NY

Diane E. Selker, Esq.
GOLDENBERG & SELKER, LLP
*Attorneys for Plaintiff*
Pierson Lakes Homeowners HOA
399 Knollwood Rd., Suite 112
White Plains, NY 10603
(914) 997-0999

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                      }ss.:
COUNTY OF ROCKLAND)

     Sean Rice, being duly sworn, deposes and says: I am the President of Pierson Lakes Homeowners Association, Inc., Plaintiff in the within action.

     I have read the foregoing Verified Complaint and know the contents thereof; the same are true to my own knowledge, except as to matters stated therein to be alleged upon information and belief, and as to those matters I believe them to be true. The basis of my knowledge as to the truth of the matters stated in the Verified Complaint are the books and records maintained by the Plaintiff and its bookkeepers, and a foreclosure search conducted by a title insurance company.

                                  Sean Rice

Sworn to before me the
12th day of October , 2017

Notary Public

DENISE E. LUCAS
Notary Public, State of New York
Registration No. 01LU6343948
Qualified in Westchester County
Commission Expires 06/20/20

4

## NATIONAL REAL ESTATE SERVICES, INC.

### Title Number: 5999

### S C H E D U L E  A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Ramapo, in the County of Rockland, State of NY and shown and designated as Lot 46.07-1-7 on a map entitled "Subdivision Plat-Lot Line Change Pierson Lakes Phase No. 3" made by A.R. Sparaco, Jr., PLS dated January 30, 2002 and filed in the Office of the Rockland County Clerk on June 5, 2003, as Map No. 7585, and which said parcel is more particularly bounded and described as follows:

BEGINNING at a point marked by an iron pin distant 1,980.24 feet Westerly as measured on a course of South 57 27' 26" west from the Southwesterly terminus of Sterlington Road as shown on a map entitled, "Subdivision Plat Pierson Lakes Phase I Drawing H-3" which was filed in the Office of Rockland County Clerk as Map No. 6460; and

RUNNING THENCE North 31 degrees 05' 00" West 48.67 feet to an iron pin set;

THENCE North 52 degrees 44' 15" East 543.09 feet to an iron pin set in the Westerly side of Cranberry Lake;

THENCE along the Westerly side of Cranberry Lake the following courses and distances:

South 29 degrees 78' 00" East 28.04 feet;
South 4 degrees 58' 30" East 24.39 feet
South 16 degrees 29' 00" East 82.76 feet;
South 25 degrees 33' 00" East 50.45 feet;
South 58 degrees 07' 00" East 53.65 feet;
South 48 degrees 37' 00" East 790.26 feet;
South 41 degrees 58' 00" East 144.76 feet to an iron pin;

THENCE turning away from Cranberry Lake South 44 degrees 25' 00" West 500.63 feet to a point marked by an iron pin;

THENCE North 45 degrees 35' 00" West 289.37 feet;

## NATIONAL REAL ESTATE SERVICES, INC.

### Title Number: 5999

### S C H E D U L E  A  (continued)

THENCE on a curve bearing to the right having a radius of 576 feet, an arc distance of 145.77 feet;

THENCE North 31 degrees 05' 00" West 31.01 feet to an iron pin which said pin is the point or place of BEGINNING.

TOGETHER with an easement of ingress and egress and for utilities over the private rights of way shown on the aforementioned map to the nearest public highway.

TOGETHER with the benefits of and subject to the burdens set forth in a declaration of covenants, restrictions, easements, charges and liens made by Ramapo Land Co., Inc. dated April 25, 1990 and recorded in the Rockland County Clerk's office on May 11, 1990 in Liber 408 at Page 1110.

**FOR CONVEYANCING ONLY**

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party in the first part, or, in and to the land lying in the street in front of and adjoining said premises.